LUTHER SEARS, plaintiff in error, *v.* DANIEL LOW, defendant in error.

## *Error to Peoria.*

A. recovered a judgment against B. on which an execution was issued, levied on real estate, and satisfied by the sale of the same. Subsequently, the plaintiff in the execution entered a motion in the Circuit Court and procured an order to set aside the execution, levy and sale.' The defendant in execution had no notice whatever of the intended motion: *Held,* that the judgment setting aside the execution, levy and sale was erroneous, no notice having been given to the opposite party.

DANIEL LOW, the defendant in error, recovered a judgment in the Peoria Circuit Court against the plaintiff in error, at the May term 1838. Execution was issued, levied, and finally satisfied by a sale of real estate. At the October term 1840, Low obtained an order of Court setting aside the execution, levy and sale, and an *alias* execution was issued. Sears, the plaintiff in error and defendant in the execution, had no notice of the intended application to set aside the execution, &c.

*E. N. Powell & W. F. Bryan,* for the plaintiff in error.

A motion to quash an execution, without notice, is irregular, and cannot be entertained. *Cline* v. *Green,* 1 Blackf. 53; *Dazey* v. *Orr,* 1 Scam. 535; *Douw* v. *Burt,* 1 Wend. 89; *Dowling* v. *Brown,* Hardin, 181; *Payne* v. *Cowan,* 1 J. J. Marsh. 12; *Lansing* v. *Quackenbush,* 5 Cowen, 38; *Delaplaine* v. *Hitchcock,* 6 Hill's (N. Y.) R. 14, 17.

These authorities clearly show, that notice must be given to the opposite party before the Court can rightfully proceed to set aside an execution, or a levy and sale. The reason of this is manifest, for when a judgment is once rendered the parties may be considered as no longer in Court. A motion to quash an execution may be considered as a new proceeding, and the opposite party should have an opportunity to be heard.

*O. Peters,* for the defendant in error.

1. If there was error in the order of the Circuit Court in

setting aside the execution, the defendant should have applied to the Circuit Court to correct it, or brought his writ of error *coram vobis*. *Beaubien* v. *Hamilton*, 3 Scam. 216. This would have enabled the plaintiff to contest it, and show that notice had in fact been given him.

2. It does not appear affirmatively by the record, that notice of the motion to set aside the execution, was not given to Sears; and this Court will not presume that such notice was not given.

In Courts of law of general jurisdiction every thing will be presumed in favor of the proceedings. *Harper* v. *Bell*, 2 Bibb, 222; *Heydon* v. *Lockhart*, 1 do. 308; *Voorhees* v. *The Bank of the U. S.*, 10 Peters, 472; *Commonwealth* v. *Moore*, 3 Pick. 197; *Graham* v. *Dixon*, 3 Scam. 117.

In *Holdridge* v. *Bailey*, 4 Scam. 124, the Court reversed the decree, because the bond on which the suit was founded did not appear in the record; and held that they would not presume that it was before the Circuit Court at the hearing; but the distinction is there taken between suits in chancery and suits at law.

In all the cases cited by the plaintiff in error from the Kentucky Reports, it appeared affirmatively that no notice of the motions to set aside the executions was given. The same appeared also in the case of *Dazey* v. *Orr*, 1 Scam. 535; and the defendant took a bill of exceptions, showing that notice had not been given him.

The cases referred to on the other side in the New York Reports show, that they were original judgments in the Supreme Court, and application was made to the Court to set aside its own execution, so that the Court could not say that no notice was given. The motions were original proceedings in that Court, and not brought there by error from an inferior Court, as in this case, and, therefore, no presumption would arise.

3. The return of the officer upon the execution shows no valid sale, and that all the proceedings upon the execution were irregular and void; the return being irregular, the Circuit Court could properly proceed to correct it without notice to the defendant. *Payne* v. *Cowan*, 1 J. J. Marsh. 12.

The Opinion of the Court was delivered by

YOUNG, J.*    This was a *motion* made at the October term of the Peoria Circuit Court, 1840, by Low, the defendant in error, who was plaintiff below, to set aside an execution issued at his instance on a judgment obtained by him in that Court, at the May term 1838, against Sears, for the sum of $572·90 damages and costs of suit; and, also, to vacate the sale of the real estate subsequently made by the sheriff thereon in the execution of the said writ.  The error assigned by Sears, the plaintiff in error, is, that the motion was improperly entertained by the Court below, and an *ex parte* order erroneously made thereon setting aside the execution, and the levy and sale made thereon by the sheriff, without notice to Sears, who was defendant in the judgment upon which the execution was issued.

It appears by the record filed in this case, that Low, the defendant in error, recovered a judgment at the May term of the Peoria Circuit Court, 1838, against Sears, the plaintiff in error, for the sum of $572·90 damages and costs, with an agreement that the execution should be stayed until the first day of the following month of September; that on the 31st of October, 1838, Low caused an execution to be issued on said judgment for the said sum as damages, and $8·87 costs, directed to the sheriff of Peoria county, and returnable in ninety days from the date thereof; and that said execution came to the hands of the said sheriff, and was afterwards returned by him to the Clerk's office, with the following indorsements thereon:

1.   "The within execution came to my hands this 1st day November, 1838, at 2 o'clock."

2.   "Received on the within execution the sum of $175·78, in part payment of the same.   January 21st, 1839.

Thomas Bryant, S. P. C."

3.   "Levied on lot No. 9 in block No. 37 in Hale's addition to Peoria, and sold the same for $450·50, this 21st of January, 1839.                    Thomas Bryant, S. P. C."

---

* WILSON, C. J., did not sit in this case.

There appears also among the papers in the suit, but not attached to the execution, a certificate of appraisement as follows, to wit:

"We, the undersigned, having been summoned and sworn by Thomas Bryant, sheriff of Peoria county, to value and appraise lot No. 9 in block No. 37, in Hale's addition to Peoria, do value the same at $2500. Given under our hands and seals this 21st of January, 1839."

<div align="right">

"Samuel Veacock, [SEAL.]

Abraham Laveille, [SEAL.]

Seth Fulton," [SEAL.]

</div>

At the October term 1840, Low, by his attorney, submitted a motion to set aside the execution, levy and sale, and had judgment at the same term, without notice to Sears, and without any appearance on his part, setting aside the execution and sale of the lot in Peoria, made thereon by the sheriff, and awarding an *alias* execution upon said judgment.

*Per Curiam.* This judgment is erroneous, as no notice of the motion appears by the proceedings to have been given to Sears, which we hold was necessary, as the parties were out of Court, before such an order could properly have been made to the prejudice of the defendant, without affording him an opportunity of showing that there was no irregularity in the execution itself, or in the sheriff's conduct under it in making the sale, or of making a cross motion, if necessary, to correct the irregularities complained of, if they were informal and voidable only, and of such a character as would authorize the making of such amendments.

Judgment reversed with costs.

<div align="right">

*Judgment reversed.*